UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

BOXABL, INC., )
) Case No.
    Plaintiff, )
v. )
)
BRAVE CONTROL SOLUTIONS INC., and )
BRENT MCPHAIL )
)
    Defendants. )

# COMPLAINT

Plaintiff, BOXABL, INC. ("BOXABL"), for its Complaint against Defendant BRAVE CONTROL SOLUTIONS INC. ("BRAVE"), and BRENT MCPHAIL ("MCPHAIL"), alleges and states as follows:

## PARTIES

1. BOXABL is a Nevada corporation with its principal place of business in North Las Vegas, Nevada.

2. BRAVE is a Canadian corporation with its principal places of business at 1785 Walker Road, Windsor, Ontario N8W 3P2, Canada and at 19 Cliford Street, Detroit, Michigan 48226.

3. MCPHAIL is a Canadian citizen and an individual residing in Windsor, Ontario, Canada.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) insomuch as the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

1

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2), because a substantial part of the events or omissions giving rise to BOXABL's claims occurred in this judicial district, and because the Defendants conduct business in this judicial district.

## FACTS COMMON TO ALL COUNTS

6. On or about July 15, 2022, BOXABL entered into Statement of Work Agreement No. 22BBL003 V6 with BRAVE. A true and correct copy of the Statement of Work Agreement No. 22BBL003 V6 is attached hereto as **Exhibit A** and incorporated herein.

7. On or about August 26, 2022, BOXABL entered into Statement of Work Agreement No. 22BBL004 V6 with BRAVE. A true and correct copy of Statement of Work Agreement No. 22BBL004 V6 is attached hereto as **Exhibit B** and incorporated herein.

8. On or about March 28, 2023, BOXABL entered into Statement of Work Agreement No. 23BBL001 V1 with BRAVE. A true and correct copy of Statement of Work Agreement No. 23BBL001 V1 is attached hereto as **Exhibit C** and incorporated herein.

9. On or about February 20, 2024, BOXABL entered into Statement of Work Agreement No. 23BBL004.001 V4 with BRAVE. A true and correct copy of Statement of Work Agreement No. 23BBL004.001 V4 is attached hereto as **Exhibit D** and incorporated herein.

10. On or about February 24, 2024, BOXABL entered into Statement of Work Agreement No. 23BBL004.002 V3 (collectively with Statement of Work Agreement No. 22BBL003 V6, Statement of Work Agreement No. 22BBL004 V6, Statement of Work Agreement No. 23BBL001 V1 and Statement of Work Agreement No. 23BBL004.001 V4, hereinafter the "Contracts") with BRAVE. A true and correct copy of Statement of Work Agreement No. 23BBL004.002 V3 is attached hereto as **Exhibit E** and incorporated herein.

11. Pursuant to the Contracts, BRAVE agreed to design, manufacture and program highly specialized equipment for BOXABL's manufacturing facility in North Las Vegas, Nevada (the "Equipment") and to perform all of the services and provide the equipment as more specifically described in the Contracts.

12. Despite receiving full and timely payments from BOXABL as required by the Contracts, BRAVE has failed or refused to timely manufacture and deliver the Equipment as specified in the Contracts.

13. Upon information and belief, MCPHAIL is the founder and CEO of BRAVE and controls all finances and operations.

14. BOXABL made all progress payments due under the Contracts based on BRAVE and MCPHAIL's representations to BOXABL that BRAVE (a) was using BOXABL's progress payments for manufacture of the Equipment and to pay for the materials and labor necessary for the manufacture of the Equipment and (b) continued to progress toward completion of BRAVE's obligations under the Contracts.

15. The representations made by BRAVE and MCPHAIL in the preceding paragraph were false and intentionally misleading when made. These representations were made repeatedly by MCPHAIL to numerous employees and officers of BOXABLE, including but not limited to the following communications.

16. Unbeknownst to BOXABLE, rather than using BOXABL's payments for purposes specific to the Contracts and Equipment, BRAVE, by and through MCPHAIL, directed that BOXABL's payments be used by BRAVE for general operating expenses and purposes wholly unrelated to BRAVE's obligations under the Contracts.

17. Despite receiving full and timely progress payments from BOXABL as required by the Contracts, BRAVE failed to pay its subcontractors, vendors and/or suppliers which were designing and/or manufacturing component parts of the Equipment.

18. BOXABL continued to make progress payments to BRAVE under the Contracts on the falsely-induced belief that BRAVE continued to make progress on the Contracts and in reliance on the false representations of BRAVE and MCPHAIL as set forth herein.

19. On March 12, 2024, despite having failed to comply with performance obligations under the Contracts, BRAVE through MCPHAIL requested an advanced payment from BOXABL in the amount of one and a half million dollars ($1,500,000.00), citing financial hardship.

20. However, there were no payments currently due or owing to BRAVE under the Contracts on March 12, 2024.

21. On March 13, 2024, pursuant to Section 2-609 of the Uniform Commercial Code, and due to BRAVE's failure to pay its vendors and indications and evidence of BRAVE's financial insecurity, BOXABL demanded adequate assurance BRAVE could perform its obligations under the Contracts.

22. BRAVE failed or refused to provide BOXABL the adequate assurance it demanded.

23. BRAVE has defaulted under the terms of the Contracts by, *inter alia*, failing to manufacture and deliver the Equipment as required under the Contracts and failing to provide adequate assurance of its ability to complete the work required under the Contracts.

24. Currently the Equipment is only partially designed and assembled. Certain component parts of the Equipment are in the possession of various vendors and subcontractors,

4

some of which refuse to release the Equipment components due to BRAVE's failure to pay these vendors and subcontractors.

25. BOXABL has received none of the Equipment.

26. BRAVE is incapable and/or unwilling to complete its obligations under the Contracts.

27. All of the progress payments made by BOXABL to BRAVE, totaling over $8,163,767.00, were in vain. BOXABL has received absolutely no benefit from its payments on the Contracts.

28. Pursuant to the terms of the Contract, BOXABL has performed all of its obligations under the Contracts.

## COUNT I – BREACH OF CONTRACT (BRAVE)

29. BOXABL repeats and realleges all Paragraphs of this Complaint as though fully set forth herein.

30. BOXABL has demanded BRAVE manufacture and deliver the Equipment as required by the Contracts, but BRAVE has failed and refused to perform its obligations under the Contracts.

31. As BRAVE is and was aware at all times, BOXABL requires the Equipment for use in manufacturing modular homes for delivery throughout the United States.

32. BRAVE's refusal and inability to deliver the Equipment has cost, and will continue to cost, BOXABL losses and damages.

33. BOXABL is entitled to complete performance of BRAVE's obligations to manufacture and deliver the Equipment.

34. BOXABL is entitled to damages from BRAVE's breaches of contract, including but not limited to funds paid by BOXABL to BRAVE under the Contracts, any costs of completion of the manufacturing of the Equipment (if possible) and BOXABL's lost profits and other damages resulting from BRAVE's breach of the Contracts.

35. Due to the defaults of BRAVE under the Contracts, BOXABL has been damaged in the amount of $8,163,767.00 (the amounts BOXABL paid BRAVE), any costs of completion of the manufacturing of the Equipment (if possible), plus lost profits in an amount to be determined by this Court or a jury, together with interest, late fees, attorneys' fees and costs.

WHEREFORE, BOXABL, INC., respectfully requests this Court enter judgment in its favor and against BRAVE CONTROL SOLUTIONS INC in the amount of $8,163,767.00, plus any costs of completion of the manufacturing of the Equipment (if possible), lost profits in an amount to be determined, accrued interest, accruing interest thereafter, late fees, attorneys' fees and costs, and for such other legal and equitable relief as this Court deems just.

## COUNT II – UNJUST ENRICHMENT (BRAVE)

36. BOXABL repeats and realleges all Paragraphs of this Complaint as though fully set forth herein.

37. BRAVE received all payments from BOXABL due under the Contracts.

38. BRAVE failed or refused to manufacture and deliver the Equipment to BOXABL as required under the Contracts.

39. Therefore, BRAVE has been unjustly enriched by retaining the benefit of the payments for services and Equipment it did not provide.

WHEREFORE, BOXABL, INC., respectfully requests this Court enter judgment in its favor and against BRAVE CONTROL SOLUTIONS INC in the amount of $8,163,767.00, plus

lost profits in an amount to be determined, accruing interest, late fees, attorneys' fees and costs, and for such other legal and equitable relief as this Court deems just.

## COUNT III – FRAUD (BRAVE)

40. BOXABL repeats and realleges all Paragraphs of this Complaint as though fully set forth herein.

41. BRAVE made representations to BOXABL as set forth in the preceding allegations of this Complaint.

42. BRAVE falsely represented to BOXABL that BRAVE: (a) had the financial capability to perform its obligations under the Contracts; (b) was using BOXABL's progress payments for manufacture of the Equipment and (c) continued to progress toward completion of BRAVE's obligations under the Contracts.

43. BRAVE's representations as set forth herein were false.

44. BRAVE knew the representations as set forth herein were false when made.

45. BRAVE made the representation with the intention BOXABL would act upon it.

46. BOXABL acted in reliance on the representations and entered into the Contracts with BRAVE and continued to make payments on the Contracts to BRAVE.

47. BOXABL has been damaged by BRAVE's fraud and misrepresentations in the amount of all funds paid by BOXABL to BRAVE under the Contracts, any costs of completion of the manufacturing of the Equipment (if possible) and BOXABL's lost profits and other damages resulting from BRAVE's breach of the Contracts.

WHEREFORE, BOXABL, INC., respectfully requests this Court enter judgment in its favor and against BRAVE CONTROL SOLUTIONS INC in the amount of $8,163,767.00, plus any costs of completion of the manufacturing of the Equipment (if possible), lost profits in an

amount to be determined, accruing interest, late fees, attorneys' fees and costs, and for such other legal and equitable relief as this Court deems just.

### **COUNT IV – UCC 2-609 (BRAVE)**

48. BOXABL repeats and realleges all Paragraphs of this Complaint as though fully set forth herein.

49. Article 2-609(1) of the Uniform Commercial Code, codified in Michigan Law under M.C.L.A. 440.2609, provides "a contract for sale imposes an obligation on each party that the other's expectation of receiving due performance will not be impaired. When reasonable grounds for insecurity arise with respect to the performance of either party the other may in writing demand adequate assurance of due performance and until he receives such assurance may if commercially reasonable suspend any performance for which he has not already received the agreed return".

50. BOXABL's insecurity is reasonable based on BRAVE's demand for payment.

51. BOXABL demanded, in writing, BRAVE provide reasonable assurance.

52. BRAVE has failed or refused to provide BOXABL with any assurance.

53. BOXABL is entitled to reasonable assurance under UCC 2-609.

WHEREFORE, BOXABL, INC., respectfully requests this Court enter judgment in its favor and against BRAVE CONTROL SOLUTIONS INC entering an Order requiring BRAVE CONTROL SOLUTIONS INC provide all reasonable assurance it will fulfil its obligations under the Contrats, and for such other legal and equitable relief as this Court deems just.

### **COUNT V – UCC 2-721 (BRAVE)**

54. BOXABL repeats and realleges all Paragraphs of this Complaint as though fully set forth herein.

8

55. Article 2-721 of the Uniform Commercial Code, codified in Michigan Law under M.C.L.A. 440.2721, provides "remedies for material misrepresentation or fraud include all remedies available under this Article for non-fraudulent breach. Neither rescission or a claim for rescission of the contract for sale nor rejection or return of the goods shall bar or be deemed inconsistent with a claim for damages or other remedy."

56. BRAVE has made a series of material misrepresentations which constitute fraud.

57. BOXABL is entitled to damages as a result of BRAVE's conduct under UCC 2-721.

WHEREFORE, BOXABL, INC., respectfully requests this Court enter judgment in its favor and against BRAVE CONTROL SOLUTIONS INC in the amount of $8,163,767.00, plus any costs of completion of the manufacturing of the Equipment (if possible), lost profits in an amount to be determined, accruing interest, late fees, attorneys' fees and costs, and for such other legal and equitable relief as this Court deems just.

## COUNT VI – FRAUD (MCPHAIL)

58. BOXABL repeats and realleges all Paragraphs 1-54 of this Complaint as though fully set forth herein.

59. MCPHAIL made representations to BOXABL as set forth in the preceding allegations of this Complaint.

60. MCPHAIL falsely represented to BOXABL that BRAVE: (a) had the financial capability to perform its obligations under the Contracts; (b) was using BOXABL's progress payments for manufacture of the Equipment and (c) continued to progress toward completion of BRAVE's obligations under the Contracts.

61. MCPHAIL's representations as set forth herein was false.

62. MCPHAIL knew the representations as set forth herein were false when made.

63. MCPHAIL made the representation with the intention BOXABL would act upon it.

64. BOXABL acted in reliance on the representations and entered into the Contracts with BRAVE and continued to make payments on the Contracts to BRAVE.

65. BOXABL has been damaged by MCPHAIL's fraud and misrepresentations in the amount of all funds paid by BOXABL to BRAVE under the Contracts, any costs of completion of the manufacturing of the Equipment (if possible) and BOXABL's lost profits and other damages resulting from BRAVE's breach of the Contracts.

WHEREFORE, BOXABL, INC., respectfully requests this Court enter judgment in its favor and against BRAVE CONTROL SOLUTIONS INC in the amount of $8,163,767.00, plus any costs of completion of the manufacturing of the Equipment (if possible), lost profits in an amount to be determined, accruing interest, late fees, attorneys' fees and costs, and for such other legal and equitable relief as this Court deems just.

Respectfully Submitted:

**BOXABL, INC.**

By:  */s/ W. Kent Carter*
W. Kent Carter, Esq. #6242646
Luke Wolf #81932
One North Franklin, Ste. 800
Chicago, IL 60606
Phone: (312) 619-4900
Fax: (312) 565-6511
kentcarter@grsm.com
lwolf@grsm.com